Case 4:24-cv-04221   Document 22   Filed on 04/02/25 in TXSD   Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
April 02, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |
|---|---|
| MILAD KHOSRAVI, § § § | |
| Plaintiff, § | |
| v. § | CIVIL ACTION NO. 24-4221 |
| § | |
| UNITED STATES DEPARTMENT OF STATE, *et al.*, § § § | |
| Defendant. § § § | |

**MEMORANDUM AND OPINION**

This mandamus action is one of many filed by individuals seeking to have their immigrant visa applications adjudicated and granted. Milad Khosravi, a dual citizen of Iran and Canada, currently resides in Canada. (Docket Entry No. 1 ¶ 1). He filed an E-2 Nonimmigrant Visa Application on October 25, 2023. (*Id*. ¶ 2). A consular official at the U.S. Consulate General in Calgary conducted a visa interview on October 31, 2023—a week later. (*Id*. ¶ 4). At the end of that interview, the officer refused the application, under Section 221(g) of the Immigration and Nationality Act. (*Id*. ¶¶ 5-6). That refusal is subject to administrative review, which is pending. (*Id*.). Khosravi was asked to submit additional information; he does not identify what information he was asked to submit. (*Id*.). A year later, Khosravi filed this complaint, seeking mandamus.

Khosravi asks the court to compel the Department of State to readjudicate and grant his visa application within 60 days. (*Id*. ¶ 29). He also seeks to compel the Department of State to explain the delay and what actions he may take to speed the application process. (*Id*.). The defendants have moved to dismiss the complaint under Rule 12(b)(1) on the basis of mootness and

under Rule 12(b)(6) on the basis that the complaint does not plead a plausible claim of unreasonable delay. (Docket Entry No. 14).

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) calls into question the district court's subject matter jurisdiction. FED. R. CIV. P. 12(b)(1). "A court may base its disposition of a motion to dismiss for lack of subject matter jurisdiction on (1) the complaint alone; (2) the complaint supplemented by undisputed facts; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Montez v. Dep't of Navy*, 392 F.3d 147, 149 (5th Cir. 2004) (quoting reference omitted). The party invoking the court's jurisdiction carries the burden of demonstrating that jurisdiction exists. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam). "When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam).

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard

is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

"A complaint 'does not need detailed factual allegations,' but the facts alleged 'must be enough to raise a right to relief above the speculative level.'" *Cicalese v. Univ. Tex. Med. Branch*, 924 F.3d 762, 765 (5th Cir. 2019) (quoting *Twombly*, 550 U.S. at 555). "Conversely, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quotation marks omitted, alterations adopted) (quoting *Twombly*, 550 U.S. at 558).

The case law in this circuit is clear: mandamus is not available and dismissal is appropriate in the circumstances presented by the complaint in this case. *See Yahya v. Blinken*, 2024 WL 3497936 (S.D. Tex. July 22, 2024); *Gharmaleki v. Blinken*, 2024 WL 4354705 (S.D. Tex. Sept. 30, 2024); *Bamdad v. United States Dept. of State*, 2024 WL 1462948 (W.D. Tex. Feb. 9, 2024); *Patrocinio v. Blinken*, 2023 WL 2657651 (W.D. Tex. March 24, 2023). Other courts agree. *See, e.g., Baan Rao Thai Restaurant v. Pompey*, 985 F.32d 1020 (D.C. Cir. 2021); *Colindres v. United States Department of State*, 71 F.4th 1018 (D.C. Cir. 2023); *Hussein v. Beecroft*, 782 F. App'x 437 (6th Cir. 2019); *Toor v. Clinton*, 2009 WL 1582900 (E.D. Cal. June 4, 2009).

There are some courts that have held to the contrary on mootness. *See, e.g., Gonzalez v. Baran*, 2022 WL 1843148 (C.D. Cal. Jan 11, 2022); *Ghadami v. United States Dep't of Homeland Sec.*, 2020 WL 1308376 (D.D.C. Mar. 19, 2020); *Ibrahim v. U.S. Dep't of State*, 2020 WL 1703892 (D.D.C. Apr. 8, 2020). However, no district court within the Fifth Circuit similarly holds that a consular officer's refusal of a visa is not final, even when it is subject to further administrative

3

review. As the cases cited above show, in similar cases, courts have granted the government's motion to dismiss for lack of jurisdiction and for failure to state a claim.

The record in this case shows that the consular officer refused to issue the visa that Khosravi sought. (Docket Entry No. 1 ¶¶ 5-6). This was an adjudication of Khosravi's visa application. Mandamus does not lie to compel a different decision when, as here, that decision was within the exercise of lawful agency jurisdiction and especially when, as here, that decision is subject to administrative review. *See, e.g., Yahya v. Blinken*, 2024 WL 3497932 at *3.

The government's motion to dismiss is granted. Khosravi's application for a writ of mandamus is denied. Khosravi's claims are dismissed without prejudice.

SIGNED on April 2, 2025, at Houston, Texas.

_____
Lee H. Rosenthal
Senior United States District Judge